**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                                          No. 98-6145

JOSEPH RIDDICK,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Norfolk.
Robert G. Doumar, Senior District Judge.
(CR-89-57-N, CA-97-393-2)

Submitted: October 20, 1998

Decided: November 16, 1998

Before NIEMEYER, WILKINS, and MICHAEL, Circuit Judges.

_____

Dismissed in part and vacated and remanded in part by unpublished
per curiam opinion.

_____

**COUNSEL**

Joseph Riddick, Appellant Pro Se. Robert Joseph Seidel, Jr., Assis-
tant United States Attorney, Norfolk, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Joseph Riddick seeks to appeal from the district court's order denying his motion filed under 28 U.S.C.A. § 2255 (West 1994 & Supp. 1998). Riddick asserted that counsel was ineffective for failing to object to the admission of a stipulation as to his prior convictions, and that his firearms conviction under 18 U.S.C.A. § 924(c) (West Supp. 1998), should be overturned in light of the Supreme Court's decision in Bailey v. United States, 516 U.S. 137 (1995). The district court denied the motion, finding that Riddick failed to show that counsel's performance resulted in any prejudice to him and that Bailey was not retroactively applicable to cases on collateral review. As to Riddick's claim of ineffective assistance of counsel, we have reviewed the record and the district court's opinion and find no reversible error. Accordingly, we deny Riddick's motion for a certificate of appealability as to this issue and dismiss this portion of the appeal on the reasoning of the district court. United States v. Riddick, Nos. CR-89-57-N, CA-97-393-2 (E.D. Va. Apr. 23, 1997).

As to Riddick's claim that his § 924(c) conviction is invalid in light of Bailey, we grant a certificate of appealability and vacate the district court's order. In a recent opinion addressing the application of Bailey in a habeas proceeding challenging a guilty plea to a § 924(c) offense, the Supreme Court held that "it would be inconsistent with the doctrinal underpinnings of habeas review to preclude petitioner from relying on our decision in Bailey in support of[the petitioner's] claim that his guilty plea was constitutionally invalid." See Bousley v. United States, ___ U.S. ___, 66 U.S.L.W. 4346, 4347 (U.S. May 18, 1998) (No. 96-8516). The petitioner in Bousley did not raise his claim on direct review and failed to establish cause and prejudice for his default. See Murray v. Carrier, 477 U.S. 478, 485 (1986). The court held that he was nevertheless entitled to the opportunity to make a showing of actual innocence. See Bousley, 66 U.S.L.W. at 4348.

Applying Bousley to this case, Riddick should be afforded the opportunity "to attempt to make a showing of actual innocence." See id. Accordingly, we grant a certificate of appealability as to this issue, vacate the district court's opinion on the Bailey claims, and remand

2

the case to the district court to address Riddick's challenge to his § 924(c) conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED IN PART; VACATED AND REMANDED IN PART